1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

GUILLERMO NUNO,

      Plaintiff,

      v.

ESLICK, et al.,

      Defendants.

Case No.: 1:21-cv-00769-DAD-SAB (PC)

ORDER OVERRULING PLAINTIFF'S OBJECTIONS, AND DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE

(ECF No. 41)

Plaintiff Guillermo Nuno is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's objections to Defendants' request to opt-out of the settlement conference and request for appointment of counsel, filed March 31, 2022.

Plaintiff contends that Defendants request to opt-out of the settlement conference was untimely and should not have been granted. Plaintiff's objections are overruled. As stated in the Court's March 22, 2022 order, "Defendants submit that based on an early assessment of the case, it was believed that a settlement conference would be beneficial and therefore did not opt-out of the conference. However, based upon subsequent investigation, including a review of additional documents and conversations with witnesses, it has been determined that at settlement conference will not be productive." (ECF No. 37.) Accordingly, although Defendants initially believed a settlement conference would be beneficial, subsequent information proved otherwise, and there is no merit to Plaintiff's objections.

Plaintiff also seeks appointment of counsel because of the coronavirus, lack of knowledge of the law, complexity of the case, and limited access to the law library. Plaintiff's motion must be denied.

As Plaintiff was previously advised, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot

1

require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on Plaintiff. <u>Id.</u>

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Initially, circumstances common to most prisoners, such as lack of legal education, limited law library access, and lack of funds to hire counsel, do not alone establish the exceptional circumstances that would warrant appointment of counsel. Further, at this juncture, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.   Moreover, based on a review of the record, it appears that Plaintiff has adequately articulated his claims and his able to prosecute this action on his own behalf.  Accordingly, Plaintiff's second request for the appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated:   **April 1, 2022**

_____
UNITED STATES MAGISTRATE JUDGE