UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO NUNO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ESLICK, et al.,<br><br>　　　　　Defendants. | Case No.: 1:21-cv-00769-DAD-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER<br><br>(ECF No. 46) |

　　　Plaintiff Guillermo Nuno is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　Currently before the Court is Defendants' motion to modify the discovery and scheduling order, filed June 21, 2022. Plaintiff filed an opposition on July 14, 2022, and Defendants did not file a reply. Local Rule 230(l).

　　　Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's notes to 1983 amendment. Therefore, "a party demonstrates good cause by

acting diligently to meet the original deadlines set forth by the court." Merck v. Swift Transportation Co., No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, Defendants argue that good cause exists to extend modify the discovery and scheduling order because additional time is necessary to conduct discovery and to assess the viability of a dispositive motion based on exhaustion and to conduct relevant discovery. Plaintiff opposes Defendants' motion and argues that an extension of 180 days is "too long." (ECF No. 47.)

Pursuant to the discovery and scheduling order the deadline to file an exhaustion motion expired on June 22, 2022, and Defendants instant motion was filed on June 21, 2022-just one day prior. On the basis of good cause, the Court will grant Defendants' motion to modify the discovery and scheduling order. However, Defendants are advised that filing an extension of time on the eve of the applicable deadline is disfavored and any future requests must be accompanied by a showing of extraordinary circumstances and demonstration of what progress has been done in the case. See Local Rule 144(d).

Accordingly, it is HEREBY ORDERED that:

1. Defendants' motion to modify the discovery and scheduling order is granted;
2. The deadline to file a motion for summary judgment for failure to exhaust the administrative remedies is extended to December 19, 2022;
3. The deadline to amend the pleadings is extended to March 21, 2023;
4. The deadline for completion of all discovery, including motions to compel discovery is extended to May 22, 2023; and
5. The deadline for filing dispositive motions (other than a motion for summary judgment for failure to exhaust) is extended to July 31, 2023.

IT IS SO ORDERED.

Dated:   **August 1, 2022**

UNITED STATES MAGISTRATE JUDGE