# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO NUNO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. ESLICK, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-00769-ADA-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT, DIRECTING CLERK OF COURT TO FILE FIRST AMENDED COMPLAINT, GRANTING DEFENDANTS FOURTEEN DAYS TO FILE AN AMENDED ANSWER, AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF Nos. 51, 52) |

Plaintiff Guillermo Nuno is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to amend the complaint, along with a copy of the proposed first amended complaint, which was lodged on May 2, 2023. (ECF Nos. 52, 53.)

## I.

## BACKGROUND

This action is currently proceeding against Defendants Eslick and Flores for deliberate indifference and against Defendants Satterfield and Flores for retaliation.

On January 18, 2022, Defendants filed an answer to the complaint. (ECF No. 30.)

On March 22, 2022, the Court issued the discovery and scheduling order. (ECF No. 38.)

On August 1, 2022, the Court granted Defendants' motion to modify the discovery and

scheduling order.  (ECF No. 48.)

As stated above, on May 2, 2023, Plaintiff filed a motion to ament the complaint, along with a proposed first amended complaint.  (ECF Nos. 51, 52.)

On May 3, 2023, Defendants filed a statement of non-opposition to Plaintiff's motion to amend and the Court's screening of the first amended complaint.

## II.

## LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course 21 days after serving, or if a response was filed, within 21 days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.' " AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Further, undue delay alone is insufficient to justify denial of a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

Amendments of the scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure which provides that a scheduling order "may be modified only for good cause and with

the judge's consent." Fed. R. Civ. P. 16(b)(4). The district court has broad discretion in supervision of the pretrial phase of litigation. Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). Rule 16's good cause standard considers the diligence of the party seeking amendment and the pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). While prejudice to the opposing party could "supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson, 975 F.2d at 609. Therefore, if the party moving for amendment of the scheduling order has not demonstrated diligence, the inquiry should end and the motion should be denied. Id. Where the request to amend is after a date established in the Rule 16 scheduling order, the party must first show good cause to amend before the court considers whether amendment is appropriate under Rule 15. Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); Johnson, 975 F.2d at 607-08.

## III.

## DISCUSSION

### A.    Motion to Amend/Screening of First Amended Complaint

Here, the deadline to amend the pleading expired on March 21, 2023, and Plaintiff's present motion was constructively filed on April 26, 2023.[1] (ECF No. 51, 52.) Because Plaintiff's motion to amend is untimely, he must show good cause to modify the discovery and scheduling order under Federal Rule of Civil Procedure 16, before the Court proceeds to the analysis under Rule 15(a).

Plaintiff submits that upon his recent transfer to Pelican Bay State Prison he did not receive a box of property containing his legal work for almost two months. In addition, he has had limited access to the library which has limited materials and resources. Further, Plaintiff

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the Court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

had surgery on November 18, 2022, and is taking medication which makes him feel ill. Plaintiff seeks the appointment of counsel and to amend the complaint to add a retaliation claim against Defendant Eslick. (ECF No. 51.) Defendants have notified the Court that they do not oppose Plaintiff's motion to amend, and the Court cannot discern any compelling reason to deny leave to amend the complaint beyond the deadline set in the scheduling order. Accordingly, Plaintiff has demonstrated good cause to modify the scheduling order.

The Court next turns to the question of whether leave to amend should be granted under Federal Rule of Civil Procedure 15(a). United States ex rel. Terry v. Wasatch Advantage Grp., LLC, 327 F.R.D. 395, 403-04 (E.D. Cal. 2018). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id. The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d at 187.

Given Defendants do not oppose the motion to amend, the Court finds that granting Plaintiff's motion to amend would not prejudice Defendants. There is no evidence the motion was brought in bad faith nor does it produce undue delay in the litigation. See Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) (explaining that where a motion to amend was made more than four months after the cutoff date, "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice."). Moreover, there is no reason to believe that the proposed amendment is futile. See SAES Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (illustrating that an amendment is futile "only if it would clearly be subject to dismissal.").

Consequently, finding that none of the foregoing factors weigh against granting Plaintiff leave to amend, and Plaintiff's motion is unopposed, the Court finds leave to amend appropriate. See Austin v. W. Concrete Pumping, Inc., No. 17-CV-2363-AJB-MDD, 2018 WL 2684140, at *1 (S.D. Cal. June 5, 2018) (granting plaintiff's motion for leave to file an

amended complaint after considering the motion and the defendants' non-opposition); Gonzales v. F/V Daniela, No. 11cv01066 AJB (JMA), 2013 WL 444626, at *1 (S.D. Cal. Feb. 4, 2013) (concluding that leave to amend was warranted in light of the defendants' non-opposition to the motion and reasonable explanation for the amendment).

Pursuant to 28 U.S.C. § 1915A, the Court finds that Plaintiff's first amended complaint states a cognizable retaliation claim against Defendant Eslick. (ECF No. 52, at 4.) Therefore, this action shall proceed on Plaintiff's first amended complaint against Defendants Eslick and Flores for deliberate indifference and against Defendants Satterfield, Flores, and Eslick for retaliation. In light of the amendment, Defendants will be given the opportunity to file an amended answer.

**B.    Motion for Appointment of Counsel**

With regard to Plaintiff's motion for appointment of counsel, it must be denied.

As Plaintiff is aware, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on Plaintiff. Id.

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Initially, circumstances common to most prisoners, such as lack of legal

education, limited law library access, and lack of funds to hire counsel, do not alone establish the exceptional circumstances that would warrant appointment of counsel. Further, at this early stage, the Court make a determination that Plaintiff is likely to succeed on the merits.  Moreover, based on a review of the record, it appears that Plaintiff is able to adequately litigate this action by himself or with the assistance of other inmates.  Accordingly, Plaintiff's second request for the appointment of counsel is denied, without prejudice.

## IV.
## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint (ECF No. 51) is granted;
2. The Clerk of Court shall file the first amended complaint, lodged on May 2, 2023 (ECF No. 52);
3. Within fourteen (14) days from the date of service of this order, Defendants may file an amended complaint to the first amended complaint; and
4. Plaintiff's second motion for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated:   **May 5, 2023**

UNITED STATES MAGISTRATE JUDGE