UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO NUNO,<br><br>             Plaintiff,<br><br>     v.<br><br>D. ESLICK, et al.<br><br>             Defendants. | No. 1:21-cv-00769-NODJ-SAB (PC)<br><br>ORDER GRANTING, IN PART, PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER<br><br>(ECF No. 75) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to modify the scheduling order, filed December 4, 2023. (ECF No. 75.) Defendants filed a response on December 11, 2023. (ECF No. 76.) Although the time to file a reply has not expired, the Court deems a reply unnecessary. Local Rule 230(l).

**I.**

**DISCUSSION**

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Good cause requires a showing of due diligence, which is the primary factor considered. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992); see also Sprague v. Fin. Credit Network, Inc., 2018 WL 4616688,

1

1    at *4 (E.D. Cal. Sept. 25, 2018) ("[Good cause] requires the party to show that despite due

2    diligence the scheduled deadline could not be met."). Examples of good cause may be found

3    where the moving party shows that it was diligent in assisting the Court in creating a workable

4    scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters

5    not reasonably foreseeable at the time the scheduling order issued, and that it was diligent in

6    seeking a modification once it became apparent it could not comply with the scheduling order.

7    Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999). The party seeking to modify a

8    scheduling order bears the burden of demonstrating good cause. Handel v. Rhoe, 2015 WL

9    6127271, at *2 (S.D. Cal. Oct. 16, 2015) (citing Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080,

10   1087 (9th Cir. 2002).

11       Here, on September 13, 2023, the Court issued an amended discovery and scheduling

12   order permitting the parties to conduct discovery until December 12, 2023.  (ECF No. 73.)

13   Plaintiff seeks to modify the scheduling order by extending the discovery and dispositive motion

14   deadlines by six months.  Plaintiff attaches Defendants' responses to Plaintiff's requests for

15   production of documents, served nearly one year ago on December 16, 2022.  (ECF No. 75 at 10-

16   24.)  Plaintiff claims that he was ignorant regarding the discovery process and only upon speaking

17   to an unnamed inmate "assistant" in October 2023, he became aware of "unexplored avenues of

18   discovery" that are relevant to his claims.  (ECF No. 75 at 6, 8-9.)

19       A review of the record in this case reflects that prior to filing the instant action, Plaintiff

20   has filed an amended complaint, motions to appoint counsel, extensions of time to respond to

21   Defendants' motions, objections to Defendants' pleadings and an opposition to Defendants'

22   motion to dismiss Plaintiff's first amended complaint.  (ECF Nos. 1-3, 41, 47, 51-52, 61, 68.)

23   Defendants submit that Plaintiff has also served discovery on Defendants, responded to

24   Defendants' written discovery and submitted supplemental responses to Defendants' written

25   discovery based upon meet and confer correspondence.  ECF No. 75 at 10-24; see also

26   Declaration of Nilufar K. Majd (Majd Decl.), Exs. A-B.)

27       Plaintiff has not presented good cause for modification of the Court's deadlines by six

28   months to conduct further discovery.  Indeed, Plaintiff submits that he has already began to draft

his discovery requests.  (ECF No. 75 at 7, 9.)  Defendants provided Plaintiff with responses to his discovery nearly one year ago without any attempt by Plaintiff to point out any alleged deficiencies.  While Plaintiff is not required to meet and confer with Defendants, the discovery deadline included the filing of any motions to compel.  (ECF Nos. 38, 73.)  Defendants do not oppose a reasonable extension of time for the parties to conduct further discovery and to prepare for dispositive motions, i.e. extension of discovery deadline from December 11, 2023 to February 12, 2024 and the dispositive motion deadline from January 11, 2024 to March 11, 2024 to prepare and file any necessary dispositive motions.  (ECF No. 76 at 4.)

Based upon consideration of Plaintiff's motion, the Court finds good cause, in part, to modify the scheduling order to extend the discovery and dispositive motions deadlines by 2 months, respectively.  Accordingly, it is HEREBY ORDERED that:

1. The discovery deadline is extended from **December 11, 2023 to February 12, 2024** and the dispositive motion deadline is extended from **January 11, 2024 to March 11, 2024**; and

2. All other substantive provisions of the Court's March 22, 2022, initial scheduling order remain in effect.

IT IS SO ORDERED.

Dated:   **December 12, 2023**

UNITED STATES MAGISTRATE JUDGE