1

2

3

4

5

6

7

8

9            UNITED STATES DISTRICT COURT

10            EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| GUILLERMO NUNO, | No.  1:21-cv-00769-KES-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DENYING MOTION TO COMPEL AS MOOT |
| v. | |
| D. ESLICK, et al. | (ECF Nos. 81, 94) |
| Defendants. | |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for reconsideration, filed February 16, 2024.

**I.**

**RELEVANT HISTORY**

This action is proceeding on Plaintiff's deliberate indifference claims against Defendants Eslick and Flores and retaliation claims against Defendants Satterfield and Flores.  (ECF No. 21.)

Defendants filed an answer to the original complaint on January 18, 2022.  (ECF No. 30.)

On January 26, 2022, the Court set the case for settlement conference on April 12, 2022. (ECF No. 31.)  However, on March 22, 2022, Defendants filed a notice to opt-out of the

1

settlement conference which was granted this same day.  (ECF Nos. 36, 37.)  On this same day, the Court issued the discovery and scheduling order.  (ECF No. 38.)

On May 5, 2023, the Court granted Plaintiff's motion to amend the complaint and his first amended complaint was filed this same date.  (ECF Nos. 54, 55.)

On May 15, 2023, Defendant Satterfield filed an answer to the first amended complaint, and Defendants Eslick and Flores filed the instant motion to dismiss.  (ECF Nos. 56, 57.)  An amended motion to dismiss was filed on May 16, 2023.  (ECF No. 60.)

On July 5, 2023, Plaintiff filed an opposition and motion to amend the complaint, along with a proposed second amended complaint which was lodged.  (ECF Nos. 67, 68.)  Defendants filed a reply on July 19, 2023.  (ECF No. 69.)

On July 25, 2023, the Court issued Findings and Recommendations to deny Defendants' motion to dismiss the complaint.  (ECF No. 70.)  The Findings and Recommendations were adopted in full on August 30, 2023.  (ECF No. 71.)

An amended discovery and scheduling order was issued on September 13, 2023.  (ECF No. 73.)

On December 4, 2023, Plaintiff filed a motion to modify the scheduling order.  (ECF No. 75.)  On December 12, 2023, the Court granted Plaintiff's motion, in part, and extended the discovery deadline by two months from December 11, 2023 to February 12, 2024, and the dispositive motion deadline from January 11, 2024 to March 11, 2024.  (ECF No. 77.)

On February 16, 2024, Plaintiff filed the instant motion for reconsideration of the Court's December 12, 2023, order.  (ECF No. 81.)

On March 8, 2024, Defendants filed a motion for summary judgment.  (ECF No. 82.)

On March 21, 2024, Defendants filed an opposition to Plaintiff's motion for reconsideration.  (ECF No. 86.)  Plaintiff filed a reply on April 22, 2024.  (ECF No. 92.)  In response to the Court's order, Defendants filed a sur-reply on May 13, 2024.  (ECF No. 95.)

On May 6, 2024, Plaintiff filed a motion to compel.  (ECF No. 94.)  Defendants filed an opposition on June 5, 2024.  (ECF No. 99.)

///

1

## II.

2

## LEGAL STANDARD

3     A court may modify a scheduling order only for good cause. Fed. R. Civ. P. 16(b)(4).

4  When analyzing whether there is good cause to reopen discovery, the Court considers the

5  following factors: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether

6  the non-moving party would be prejudiced, (4) whether the moving party was diligent in

7  obtaining discovery within the guidelines established by the court, (5) the foreseeability of the

8  need for additional discovery in light of the time allowed for discovery by the district court, and

9  6) the likelihood that the discovery will lead to relevant evidence. City of Pomona v. SQM N.

10  Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting United States ex rel. Schumer v.

11  Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995)).

12     The good cause standard focuses primarily on "the diligence of the party seeking" to

13  modify the case schedule. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.

14  1992); Dimitre v. California State Univ. Employees' Union, No. 2:17-CV-01698-KJM-DB, 2019

15  WL 4670827, at *1 (E.D. Cal. Sept. 25, 2019) ("The primary factor courts consider in making a

16  good cause determination is whether the moving party was diligent in its attempts to complete

17  discovery in a timely manner."). "Although the existence or degree of prejudice to the party

18  opposing the modification might supply additional reasons to deny a motion, the focus of the

19  inquiry is upon the moving party's reasons for seeking modification." Johnson, 975 F.2d at 609.

20  "If that party was not diligent, the inquiry should end." Id.

21     Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

22  district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment

23  on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

24  evidence ...; (3) fraud ... of an adverse party; (4) the judgment is void; (5) the judgment has been

25  satisfied ... or (6) any other reason justifying relief from the operation of the judgment." Fed. R.

26  Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event

27  "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

28  ///

1  Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the

2  interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop,

3  229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); see also Harvest v. Castro, 531 F.3d 737,

4  749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration

5  under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his

6  control." Harvest, 531 F.3d at 749 (internal quotation marks and citation omitted).

7  "A motion for reconsideration should not be granted, absent highly unusual

8  circumstances, unless the district court is presented with newly discovered evidence, committed

9  clear error, or if there is an intervening change in the controlling law," and it "may not be used to

10 raise arguments or present evidence for the first time when they could reasonably have been

11 raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571

12 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in

13 original). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or

14 different facts or circumstances are claimed to exist which did not exist or were not shown"

15 previously, "what other grounds exist for the motion," and "why the facts or circumstances were

16 not shown" at the time the substance of the order which is objected to was considered.

### III.

### DISCUSSION

19 Plaintiff seeks reconsideration of the Court's December 12, 2023 order because "[n]ew

20 circumstances have arisen, post-order, further demonstrating the need for additional time." (ECF

21 No. 81 at 3.) More specifically, Plaintiff contends that Defendants have not yet served responses

22 to his discovery requests served on December 18, 2023, he did not know how to conduct

23 discovery, he is now being assisted by a fellow inmate, and he seeks to request discovery of prior

24 inmate complaints and disciplinary actions against Defendants for harassment and retaliation

25 conduct as alleged in this action. (ECF No. 81.)

26 In opposition, Defendants argue that Plaintiff has not presented new facts, circumstances,

27 or law to warrant reconsideration of the Court's order granting in part his motion to modify the

28 scheduling order.

4

Plaintiff argues in reply that there are multiple new circumstances to warrant reopening the discovery deadline.  (ECF No. 92.)

In response, Defendants argue their good faith responses to Plaintiff's untimely discovery are not new circumstances for reconsideration of the Court's order, the discovery sought by Plaintiff is not proportional to the needs of the case and does not justify re-opening discovery, and there are no new facts or circumstances to warrant reconsideration.  (ECF No. 95.)

For the reasons explained below, Plaintiff's motion for reconsideration shall be denied.

**A.      Service of Discovery on December 18, 2023**

To date, Defendants submit that Plaintiff has served four sets of discovery to Defendants. Plaintiff served his first set of requests for production of documents on August 17, 2022, and second set of requests for production of documents on August 23, 2022, to which Defendants responded on October 6, 2022. (See Declaration of Nilufar K. Majd, (Majd Decl.) Exs. A-D.). On November 17, 2022, Plaintiff served his third set of requests for production of documents upon which Defendants served their timely response. (Majd Decl., Exs. E and F.) On January 7, 2024, Plaintiff served his fourth set of requests for production of documents to Defendants and first set of requests for admissions to each Defendant, which although late under the Court's current scheduling order, Defendants responded to, along with an official-information declaration supporting Defendants' responses thereto. (Majd Decl., Exs. G-J.) Defendants Satterfield and Flores also served Amended Responses to Plaintiff's late-served Requests for Admissions. (Majd Decl., Ex. K.)

Although Plaintiff claims that Defendants failed to serve responses to Plaintiff's discovery requests submitted for mailing on December 18, 2023, Defendants submit that they never received any discovery requests served by Plaintiff in or around December 18, 2023. (Majd Decl., ¶ 14.)  In support of his contention, Plaintiff attaches his mail logs showing that outgoing mail was sent to the Office of the Attorney General on December 18, 2023.  (ECF No. 81 at 60-61.) Defendants acknowledge that they received "Proof of Service," postmarked on December 18, 2023, addressed to the Office of the Attorney General, requesting a copy of his December 4, 2023 deposition transcript. (Majd Decl., Ex. L.)  However, Plaintiff's request for a copy of his

1   deposition testimony is not a new circumstance and is not relevant to his motion for

2   reconsideration of the Court's December 12, 2023 order.[1]  Thus, any request for a copy of

3   Plaintiff's deposition transcript which must be made to the court reporter does not warrant an

4   extension of time-much less a six month extension-of the fact based discovery deadline.

5         **B.**      **Newly Discovered Facts, Circumstances, or Law/Good Cause to Modify the**

6                   **Scheduling Order or Reopen Discovery**

7         Plaintiff's claim that "post-order circumstances" have arisen to warrant reconsideration of

8   the Court's December 12, 2023, is without merit.  Plaintiff argues the magistrate judge failed to

9   consider his reply to Defendants' response to Plaintiff's motion to modify the scheduling order.

10   However, Plaintiff's brief three-page reply was merely a copy of his moving papers, and did not

11   present any new or additional arguments other than those asserted in his moving papers.

12   (Compare ECF No. 75 to ECF No. 78.)

13         In his reply, Plaintiff argues that Defendants responded to his January 2024 discovery

14   requests on February 5, 2024, but the responses "were rife with objections and unjustified refusal

15   to respond…."  (ECF No. 92 at 4.)  In response, Plaintiff submitted a meet a confer letter on or

16   about February 26, 2024 and "modified requests in an attempt to elicit responses[.]"  (Id.)

17   Defendants served amended discovery responses which did not address the deficiencies.  (Id.)

18   Plaintiff must submit another meet and confer letter and "[a]nother motion to compel may

19   ultimately be needed as to the amended responses."[2]  (Id. at 5.)  Plaintiff submits that the

20   information in the January 2024 discovery requests is relevant to the action and Defendants'

21   pending motion for summary judgment.  (Id. at 9-10.)

22         Plaintiff fails to present "newly discovered evidence, clear error, or an intervening change

23   in the applicable law to warrant reconsideration for the Court's order denying Plaintiff's request

24

25   [1] In addition, Plaintiff cannot seek a copy of his deposition transcript from Defendants as it must be requested from the court reporter.  Fed. R. Civ. P. 30(f)(3).

26
27   [2] While it was laudable that Plaintiff meet and conferred with Defendants, Plaintiff is advised that the Court's scheduling order explicitly exempted the parties from the meet and confer requirement (ECF No. 38 ¶ 4), and Plaintiff is not required to do so prior to filing a motion to compel.

28

denying a six month extension of the discovery deadline.  This case has been pending for over two years and Plaintiff submits that he has over 300 pages of documents to support his claims against Defendants in this case.  (ECF No. 55 at 3.)  The fact that Defendants have now filed a motion for summary judgment is not relevant to whether Plaintiff could have sought discovery when it was open.  Further, as explained below, Plaintiff has failed to identify any specific discovery that is relevant to the claims, or proportional to the needs of this case to warrant re-opening discovery for an additional four months.

Moreover, despite Plaintiff's claim that he obtained legal assistance from an unidentified person in October 2023 and the discovery deadline was extended by two additional months, Plaintiff served discovery late discovery on January 7, 2024-due date of February 21, 2024.  Even though the discovery was late, Defendants, in good-faith responded to Plaintiff's discovery, along with an official-information declaration, supporting their response thereto.  (See Exhs. G-J to Defs. Opp'n, ECF No. 86-1 at 37-141.)  Although Plaintiff contends that Defendants caused additional delay in the discovery process, discovery closed well before Plaintiff served the January 7 discovery, February 26 meet-and-confer letter (on late-served discovery), and the subsequent discovery served on February 27, 2024-two weeks after the fact discovery deadline and over three months after Plaintiff sought the assistance of the jailhouse attorney.  (ECF No. 92 at 39.)[3]; see Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (emphasizing that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.").  Plaintiff's delay in serving timely discovery was neither a new or changed circumstance to warrant reconsideration.  Furthermore, Defendants' amended responses to Plaintiff's requests for admissions, served on March 15 and March 26, 2024, were produced in good faith as part of their ongoing obligation to supplement and amend prior discovery responses pursuant to Rule 26.

On December 12, 2023, the Court granted, in part, Plaintiff's request for an extension of the discovery deadline from December 11, 2023 to February 12, 2023.  (ECF No. 77.)  However,

---

[3] The February 27, 2024, late-served discovery was received by the Office of Attorney General on March 5, 2024. (ECF No. 92 at 39.)

1  despite obtaining assistance from the jailhouse lawyer in October of 2023, Plaintiff waited at least

2  two full months before serving his untimely discovery in January 2024.  Plaintiff fails to explain

3  the reason for delay of the additional discovery or why it could not have been served in October,

4  November or December 2023.

5         **C.**       **Proportionality of Discovery to Needs of the Case**

6        Plaintiff contends that he now requires certain discovery to oppose Defendants' pending

7  motion for summary judgment.  Notwithstanding the untimeliness of the additional discovery, the

8  discovery sought by Plaintiff is not relevant or proportional to the needs of this case.

9        Plaintiff claims he needs "complaints and disciplinary actions against Defendants for

10  similar conduct" to "resolve the credibility conflict between Plaintiff and Defendants."  (ECF No.

11  92 at 6.)  However, to the extent Plaintiff seeks such evidence to oppose summary judgment, he is

12  advised that the Court cannot make credibility determinations or weigh conflicting evidence,

13  when ruling on a motion for summary judgment.  <u>Soremekun v. Thrifty Payless, Inc.</u>, 509 F.3d

14  978, 984 (9th Cir. 2007).

15        Moreover, although Plaintiff seeks "disciplinary actions," "administrative appeals" and

16  "citizens complaints" relating to various subject matters (ECF No. 86-1 at 37-39), the request are

17  overbroad and seek information that is not relevant or proportional to the needs of the case.  More

18  specifically, this case turns on whether Defendants Eslick and Flores called him a "piece of shit"

19  insinuating he was a child molester; whether Defendant Eslick retaliated against Plaintiff by

20  issuing a Rules Violation Report after Plaintiff complained about her; whether Defendant

21  Satterfield retaliated against Plaintiff for filing written grievances against Defendants Eslick and

22  Flores by conducting an unclothed body search, moving Plaintiff to a different housing unit and

23  placing Plaintiff in the administrative segregation unit; and whether Defendant Flores utilized

24  unknown "extreme harassment techniques," after she learned Plaintiff began filing grievances

25  against co-defendants.  Whereas, the documents Plaintiff seeks include "unjustified cell

26  searches," "confiscation of legal papers" "retaliation on behalf of fellow correctional

27  officers/spouses or romantic partners" among other categorizes, which are not relevant to the

28  claims at issue in this case.  Additionally, such documents are grossly vague and overbroad that

1   Defendants cannot conduct a proper search for such records, even if the records could be

2   provided to Plaintiff.  Indeed, contrary to Plaintiff's contention, Defendants detailed the unduly

3   burdensome nature of Plaintiff's requests by way of their responses and declaration from SCC

4   litigation coordinator J. Toubeaux.  (See ECF No. 86-1 at 45-49.)

5          Plaintiff also points to documents which supported the alleged sexual or "personal"

6   relationship between officers Satterfield and Flores and whether they share a child together.  (See

7   Officer Flores's Responses to Plaintiff's Requests for Admission Nos. 24-26 and Officer

8   Satterfield's Responses to Requests for Admission Nos. 30-33).[4]  While such requests have no

9   relevance to the claims in Plaintiff's case, Defendants can confirm that Officer Flores only knows

10   Officer Satterfield from the brief time she worked with him as a relief officer at SCC.

11   Moreover, Officer Flores can confirm that she has no children.[5]  Nonetheless, as Defendants point

12   out, discovery does have "ultimate and necessary boundaries." Gonzales v. Google, Inc., 234

13   F.R.D. 674, 680 (N.D. Cal. 2006). One of these boundaries is proportionality—indeed,

14   "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also

15   be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD

16   (SAB), 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod.

17   Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

18          With regard to the unclothed body search of Plaintiff by Defendant Satterfield, Plaintiff

19   presents the blanket statement that "compelled responses" "could reveal" information on this

20   claim.  (See ECF No. 92 at 8.)  Plaintiff points to amended responses to requests for admissions

21   numbers 7 and 10, in which Defendant Satterfield admitted to conducting an unclothed body

---

[4]  Plaintiff's request for admission No. 30 asks Officer Satterfield to "admit or deny during the events described in the amended complaint, you either were or had been involved in a sexual or personal relationship with Defendant Flores"; No. 31 asks Officer Satterfield "to admit or deny that, during the events described in the amended complaint, you were or had been married to Defendant Flores?" Request for admission No. 32 asks Officer Satterfield "to admit or deny that, during or prior to the events described in the amended complaint, you fathered a child with Defendant Flores?" Request for admission No. 33 asks Officer Satterfield "during or prior to the events described in the amended complaint, you shared custody of a child with Defendant Flores." (See ECF No. 86-1 at 96-98.) Plaintiff asked identical questions to Officer Flores. (See Flores's Responses to Plaintiff's Request for Admission Nos. 24-26, ECF No. 86-1 at 119-120.)  These questions are irrelevant to the allegations set forth in Plaintiff's operative complaint.

[5] The Court accepts counsel's representation, at face value, under Federal Rule of Civil Procedure 11.

1   search of Plaintiff on February 16, 2020 to search for contraband.  (See Satterfield Amended

2   Responses to Requests for Admission Nos. 6-11, 13-14, Ex. K, ECF No. 86-1, at 144-149). To

3   the extent that Plaintiff now asserts he has propounded additional questions that need to be

4   explored for summary judgment, the only additional requests for admissions inquire whether

5   Officer Satterfield conducted a "strip search" on Plaintiff on "any date" at SCC. (See Plf.'s Ex. D,

6   Requests for Admission Nos. 56-59 to Satterfield, ECF No. 92 at 35-36.)  However, such requests

7   which are unlimited in time are neither relevant to any claim in this case nor reasonably

8   proportional to the needs of the case.  Additionally, to the extent Plaintiff argues such documents

9   are "relevant" to amend Plaintiff's complaint (see Plf.'s Reply, ECF 92 at 8-9), the deadline to

10  amend the complaint has passed under Rule 15 and Plaintiff raises this now for the first time in

11  his reply.  As such, his argument is improper and should not be considered in support of

12  Plaintiff's motion for reconsideration.[6]

13          Lastly, while Plaintiff claims the "critical nature of discovery" justifies extending

14  discovery, he has not identified any specific discovery requests relevant to the claims at issue in

15  this action to warrant re-opening of discovery.  Rather, Plaintiff's continued efforts appear to be a

16  mere fishing expedition for irrelevant information and/or identical to previous discovery requests

17  which Defendants provided substantive responses.[7]  (See, e.g., Plaintiff's February 26, 2024 meet-

18  and-confer letter, seeking information concerning Officer Flores and Satterfield's so-called

19  personal relationship, Plf.'s Reply, Ex. A, ECF No. 92 at 14-18; Plf.'s "follow up admissions

20

21  _____

[6] "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they

22  could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (citing Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)).

23

[7]  As Defendants submit, Plaintiff's Request for Admission No. 55 to Officer Satterfield is identical to Plaintiff's

24  previously propounded Request for Admission No. 30 (See Plf.'s Reply, Ex. D, Request for Admission No. 55, ECF No. 92 at 5 and compare to Request for Admission No. 30, ECF No. 86-1 at 36). Similarly, Plaintiff's Requests for

25  Admission Nos. 36-41 to Officer Eslick ask for the same information as Plaintiff's previously propounded Requests for Admission Nos. 13-15, 18, 19. (See Plf.'s Reply Ex. D, Requests for Admission Nos. 36-41, ECF No. 92 at 37

26  and compare to ECF No. 86-1 at 128-131). Plaintiff's Request for Admission No. 30 to Officer Flores asks for the same information as previously propounded Requests for Admission Nos. 4 and 5; Requests for Admission Nos. 31-

27  32 to Officer Flores ask for the same information as previously propounded Requests for Admission Nos. 15, 17 and Request for Admission No. 33 to Officer Flores is identical to Plaintiff's previously propounded Request for

28  Admission No. 24. (See Plf.'s Reply, Ex. D, Request for Admission Nos. 30-33, ECF No. 92 at 38 and compare to ECF No. 86-1, at 111, 115, 116, 119.)

1    requests," Plf.'s Reply, Ex. D, ECF No. 92 at 34-36); see also Calderon v. U.S. Dist. Court for the

2    Northern District of California, 98 F.3d 1102, 1106 (9th Cir. 1996) ("[C]ourts should not allow

3    prisoners to use federal discovery for fishing expeditions to investigate mere speculation.")  Thus,

4    the discovery sought by Plaintiff is not relevant or proportional to the needs of this case.

5          **D.**    **Good Cause to Modify Scheduling Order or Reopen Discovery**

6        As previously stated, on December 12, 2024, the Court partially granted Plaintiff's motion

7    to modify the scheduling order, extending the two an additional two months.  Plaintiff argues that

8    more time is necessary to conduct discovery because, as a pro se inmate, he was ignorant of the

9    discovery process prior to obtaining legal assistance sometime in October 2023.  Plaintiff's

10   argument is without merit.

11       In support of his argument, Plaintiff cites to cases where discovery was extended because

12   pro bono counsel agreed to represent a pro se plaintiff at the close of discovery; however, such

13   circumstances do not exist in this case.  Plaintiff is not represented by an attorney, but rather

14   someone who has "knowledge about the necessary discovery avenues of which Plaintiff was

15   ignorant." (ECF No. 81 at 7.)  Even if the individual is licensed to practice law, he is not counsel

16   of record for Plaintiff in this action and there is no right to a jailhouse lawyer.  Vasquez v. Ahlin,

17   1:10-cv-019730 DAD0JDP, 2020 WL 207214, at *1 (E.D. Cal. Jan. 14, 2020) ("Pro se prisoner

18   litigants do not enjoy an absolute right to have a jailhouse lawyer assist with legal representation,

19   make appearances on their behalf, or file papers with the v court as the litigant's legal

20   representative.").  Further, the record supports the finding Plaintiff has ably represented himself

21   to date by filing various pleadings, including a motion for leave to amend his complaint, an

22   amended complaint, notice of submission of confidential settlement conference statement,

23   objections to Defendants' earlier request to modify the scheduling order, notices of change of

24   address, motions for an extension of time to oppose Defendants' motion to dismiss, and an

25   opposition to Defendants' motion to dismiss. (ECF Nos. 2, 3, 8, 17, 24, 29, 33, 41, 47, 51, 52, 55,

26   58, 61, 67, 68, 77.)  Plaintiff also served multiple sets of discovery to Defendants and responded

27   to Defendants' several sets of written discovery.[8] (Majd Decl. ¶ 15, Exs. A, C, E.)  Additionally,

28

---

[8] These filings preceded October 2023, when Plaintiff purportedly obtained legal assistance from another individual.

Plaintiff's pro se status does not excuse him from compliance with the discovery rules and court orders.  See Sanchez v. Rodriguez, 298 F.R.D. 460, 470 (C.D. Cal. 2014).

Moreover, Defendants argue that they will be prejudiced by the six-month extension of the fact discovery deadline, especially since this case has been actively litigated since 2021. Indeed, Defendants have moved for summary judgment on the merits of Plaintiff's claims, and Plaintiff has previously served four sets of requests for production, and several untimely requests for admissions to each Defendant, who served substantive and amended responses thereto.  (Majd Decl. Exs. A-K.)  Thus, this factor weighs in favor of denying Plaintiff's motion to further extend the discovery deadline.

Furthermore, Plaintiff has not shown diligence.  Plaintiff has had over two years to conduct discovery in this case, and now seeks to extend the deadline another six months because he has legal assistance of another individual.  Plaintiff submits that he obtained legal assistance from another individual in October 2023, and the discovery deadline did not expire until February 12, 2024, resulting in Plaintiff having approximately three and half months to serve written discovery on Defendants.  However, even with the assistance, Plaintiff served untimely discovery requests on Defendants on January 7, 2024, with a response date of February 2024-one week after the February 12, 2024, deadline.  In sum, Plaintiff's failure to serve discovery requests in a timely manner, repeated efforts to meet and confer, and failure to obtain or take advantage of his jailhouse lawyer, does not establish the diligence necessary to allow further extension and/or re-opening of the discovery deadline.

**E.      Motion to Compel Filed May 6, 2024**

Plaintiff's motion to compel is both untimely and now moot.

As stated above, the discovery deadline expired on February 12, 2024.  (ECF No. 77 at 3.) Plaintiff last-served discovery on January 7, 2024, resulting in a due date of February 21, 2024, after the discovery deadline.  (ECF No. 99, Declaration of Nilufar K. Majd (Majd Decl.) ¶ 2, Ex. A.); see, e.g., Vanderbush v. Chokatos, No. 1:13-cv-01422-LJO-EPG, 2018 WL 3031488, at *5-6 (E.D. Cal. June 15, 2018) (a discovery request served less than forty-five days before close of discovery is untimely); Giraldes v. Oania, No. 2:14-cv-726-JAM-EFB-P, 2016 WL 3448713, at

1   *6 (E.D. Cal. June 23, 2016) (responding party not obligated to respond to untimely request for

2   discovery).  Consequently, because it is undisputed that Plaintiff's underlying discovery requests

3   were served untimely, his current motion to compel filed May 6, 2024, is likewise untimely.

4   Nonetheless, as explained above and in Defendants' opposition to Plaintiff's motion to compel,

5   Defendants Satterfield and Flores have supplemented their responses to Plaintiff's requests for

6   admission, and Defendants provided the appropriate response to Plaintiff's requests for

7   production of documents, as the requests sought categories of documents that were vague,

8   ambiguous, irrelevant and not proportional to the needs of the case, and also indicated that some

9   materials sought did not exist after a diligent search for responsive materials was conducted.

10   (ECF No. 99 at 3-11.)  Accordingly, Plaintiff's motion to compel shall be denied as untimely and

11   moot.

**IV.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff's motion for reconsideration of the Court's December 12, 2023 order
     (ECF No. 81) is DENIED; and

2.   Plaintiff's motion to compel filed May 6, 2024 (ECF No. 94) is DENIED as
     untimely and moot.

IT IS SO ORDERED.

Dated:   **June 7, 2024**

UNITED STATES MAGISTRATE JUDGE