UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO NUNO,<br><br>           Plaintiff,<br><br>    v.<br><br>D. ESLICK, J. FLORES, and D. SATTERFIELD,<br><br>           Defendants. | No. 1:21-cv-00769-KES-SAB (PC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS; GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND RECONSIDERING PRIOR ORDER AND GRANTING PLAINTIFF'S JULY 5, 2023 MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>Docs. 68, 82, 114 |

Plaintiff Guillermo Nuno is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983. Docs. 1, 11. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. For the reasons explained below, the Court: (1) adopts in part the findings and recommendations; (2) grants defendants' motion for summary judgment as to plaintiff's Eighth Amendment claims; (3) denies defendants' motion for summary judgment as to plaintiff's First Amendment claim against defendant Eslick; (4) denies without prejudice defendants' motion for summary judgment as to plaintiff's First Amendment claims against defendants Flores and Satterfield, and defendants may refile a motion for summary judgment as to such claims following further discovery; and (5) reconsiders and grants plaintiff's July 5, 2023 motion for leave to amend to file his second amended complaint as

to plaintiff's First Amendment claims.

## I. Procedural History

On March 8, 2024, defendants D. Eslick, J. Flores, and D. Satterfield moved for summary judgment on plaintiff's claims for retaliation in violation of the First Amendment and for deliberate indifference to a substantial risk of serious harm in violation of the Eighth Amendment. Doc. 82. On April 25, 2025, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion for summary judgment be granted as to plaintiff's Eighth Amendment claims but denied as to plaintiff's First Amendment claims. Doc. 114. The findings and recommendations were served on the parties and notified them that any objections were to be filed within fourteen (14) days after service. *Id.* at 39. Defendants filed objections on May 15, 2025, and plaintiff filed objections on May 27, 2025. Docs. 115, 116.

## II. Discussion

In accordance with 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case. Having carefully reviewed the matter, including the parties' objections, the Court adopts the findings and recommendations as to the Eighth Amendment claims against each defendant and the First Amendment claim against defendant Eslick. Defendants' motion for summary judgment is granted as to the Eighth Amendment claims and is denied as to the First Amendment claim against defendant Eslick. However, the Court declines to adopt the findings and recommendations as to the First Amendment claims against defendants Flores and Satterfield and denies the motion for summary judgment as to those claims as premature, for the reasons stated below.[1]

///

---

[1] Apart from the issues the parties' objections raise with respect to the findings and recommendations' consideration of the second amended complaint, which is discussed below, both objections otherwise reraise arguments they previously made in their summary judgment briefing and that were appropriately addressed in the findings and recommendations and need not be further addressed here. *See* Doc. 115 at 11 ("*As stated in detail in Defendants' moving papers and reply*, based on the claims in Plaintiff's operative complaint and record of this case, no reasonable jury could find in favor of Plaintiff on his retaliation claims against Defendants in this action." (emphasis added)); Doc. 116.

2

### a. Whether Defendants Were On Notice of the Factual Allegations in the Second Amended Complaint.

The operative complaint in this action is plaintiff's first amended complaint, which was filed on May 5, 2023. Doc. 55. After defendants filed a motion to dismiss, plaintiff filed a motion for leave to amend the first amended complaint, Doc. 68, and lodged a verified second amended complaint, Doc. 67. The assigned magistrate judge then issued findings and recommendations that recommended denying the motion to dismiss, recommended denying plaintiff's motion for leave to amend as unnecessary, and recommended that "the proposed second amended complaint . . . be stricken from the record." Doc. 70 at 5. The Court adopted those findings and recommendations in full. Doc. 71.

Later, after plaintiff moved for reconsideration of the assigned magistrate judge's order granting in part plaintiff's motion to modify the scheduling order, the assigned magistrate judge stated that an extension of the discovery deadline was inappropriate because plaintiff sought documents related to "'unjustified cell searches,' 'confiscation of legal papers,' [and] 'retaliation on behalf of fellow correctional officers/spouses or romantic partners,'" which documents were not "relevant to the claims at issue in this case." Doc. 100 at 8–9. These documents, if they exist, may have lent evidentiary support to the retaliation allegations made in the verified second amended complaint, which included allegations of unjustified cell searches, confiscation of legal papers, and retaliation on behalf of fellow correctional officers. *See* Doc. 114 at 31–32 ("Here, it is clear that from the proposed second amended complaint that Plaintiff raised the allegations that: (1) he complained to Flores about documenting Eslick's behavior; (2) Flores enlisted Satterfield to threaten Plaintiff not to complaint about Flores's abusive statement; (3) Flores enlisted Satterfield to confiscate his documentation of Eslick's misconduct; (4) Flores assisted Satterfield by threating Plaintiff not to file a grievance and searching his cell, destroying property and confiscating documentation; and (5) Flores submitted false RVRs.").

In recommending denial of the motion for summary judgment as to the First Amendment claims against defendants Flores and Satterfield, the findings and recommendations relied in part on factual allegations made in plaintiff's lodged, verified second amended complaint. *See* Doc.

1 114 at 31–32, 35–36.  The findings and recommendations reasoned that it was appropriate to rely
2 on those factual allegations in finding a genuine dispute of material fact, even when the factual
3 allegations were not explicitly in the first amended complaint, because the second amended
4 complaint was filed prior to the close of discovery and gave defendants fair notice that such
5 factual allegations were part of plaintiff's retaliation claim against defendants Flores and
6 Satterfield.  Doc. 114 at 32.  The findings and recommendations concluded that those factual
7 allegations fell within the first amended complaint's retaliation claims under Rule 8's liberal
8 notice pleading standard.  *Id.*

9       The Court finds that the parties did not have a reasonable opportunity to conduct
10 discovery on the additional factual allegations in the second amended complaint regarding
11 plaintiff's retaliation claims.  The earlier findings and recommendations, which recommended
12 denying the motion for leave to amend, recommended that the "proposed second amended
13 complaint lodged on July 5, 2023, *be stricken from the record*."  Doc. 70 at 12 (emphasis added).
14 Those findings and recommendations were adopted in full.  Doc. 71.  Additionally, the order
15 denying plaintiff's motion for reconsideration appeared to indicate that those factual allegations
16 were not relevant to the claims in the first amended complaint, as it stated that documents related
17 to unjustified cell searches, confiscation of legal papers, and retaliation on behalf of fellow
18 officers were not "relevant to the claims at issue in this case."  Doc. 100 at 8–9.  Those
19 documents arguably would have been related to the expanded retaliation allegations made in the
20 second amended complaint, which the Court later relied upon in denying defendants' motion for
21 summary judgment, *see* Doc. 114 at 31–32, 35–36.

22       To the extent discovery was limited to the factual allegations made in the first amended
23 complaint, it was not unreasonable for defendants to prepare a defense that did not address the
24 additional factual allegations made in the second amended complaint.  It therefore would
25 prejudice defendants to conclude, as the findings and recommendations do, that the facts stated in
26 the verified second amended complaint were part of the record for purposes of the summary
27 judgment motion, without providing an opportunity for further discovery as to such issues.  Thus,
28 the Court declines to adopt the findings and recommendations as to the First Amendment claims

1    against defendants Flores and Satterfield.

2    　　　Apart from this issue, the findings and recommendations are well reasoned, and the court
3    otherwise adopts the findings and recommendations.  For the reasons stated in the findings and
4    recommendations, including the facts set out in plaintiff's verified proposed second amended
5    complaint would create a triable issue of fact on plaintiff's First Amendment claims against
6    defendants Flores and Satterfield.[2]  Thus, in the interest of justice, the Court will reconsider
7    plaintiff's July 5, 2023 motion for leave to amend.

8    　　　　　　**b.　Plaintiff's Motion for Leave to File the Second Amended Complaint.**

9    　　　　　　　　**i.　The Court Has the Inherent Authority to Reconsider Its Prior Order.**

10   　　　The Court has the inherent authority to modify, alter, or revoke its prior orders.  *United*
11   *States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000); Fed. R. Civ. P. 54(b).  However, a
12   court should generally be reluctant to revisit is own prior decisions absent a significant basis for
13   reconsideration.  *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989); *see*
14   *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988).  "[T]he major grounds
15   that justify reconsideration involve an intervening change of controlling law, the availability of
16   new evidence, or the need to correct a clear error or prevent manifest injustice."  *Pyramid Lake*
17   *Paiute Tribe*, 882 F.2d at 369 n.5 (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal*
18   *Practice and Procedure* § 4478 at 788–89).

19   　　　Plaintiff's motion for leave to amend was denied as "unnecessary" because it appeared to
20   have been "filed in response to Defendants' motion to dismiss," and the Court denied defendant's
21   motion to dismiss.  *See* Doc. 70 at 5.  However, it is now clear, as set out in the magistrate judge's
22   thorough analysis in the findings and recommendations, that plaintiff's second amended
23   complaint made new factual allegations regarding his retaliation claims that would potentially
24   create a triable issue of fact on plaintiff's First Amendment claims against Flores and Satterfield.

---

[2] However, as noted, defendant may pursue further discovery as to the additional allegations in the verified second amended complaint and may file a renewed motion for summary judgment, based on any such fuller record, as to the retaliation claims against defendants Flores and Satterfield.

### ii. The Court Grants Plaintiff Leave to Amend.

Under Rule 15, "[a]fter a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)). "Generally, Rule 15 advises the court that 'leave shall be freely given when justice so requires[,]' [and] [t]his policy is 'to be applied with extreme liberality.'" *Id.* (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). A court should consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC*, 316 F.3d at 1052. "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Sol.*, 194 F.3d 980, 986 (9th Cir.1999) (citing *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir.1998)). "However, [n]either delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice." *Mendia v. Garcia*, 165 F. Supp. 3d 861, 874 (N.D. Cal. 2016) (internal quotations omitted).

Here, any additional discovery will be limited to the factual allegations made in the second amended complaint that support plaintiff's First Amendment claims against defendants Flores and Satterfield. The Court need not reopen discovery as to all factual allegations made by plaintiff. The prospect of this limited, additional discovery does not constitute undue prejudice, even if granted now after the close of discovery. *See id.*

Defendants also argued, in their response to plaintiff's motion to amend, that plaintiff unduly delayed in moving to amend because his original complaint was filed over two years earlier and he was aware of the facts articulated in the second amended complaint when he filed the original complaint. Doc. 69. "Undue delay is delay that prejudices the nonmoving party or

imposes unwarranted burdens on the court." *BNSF Ry. Co. v. San Joaquin Valley R. Co.*, No. 1:08-CV-01086-AWI, 2011 WL 3328398, at *2 (E.D. Cal. Aug. 2, 2011) (quoting *Mayreaux v. Louisiana Health Service and Indem. Co.,* 376 F.3d 420, 427 (5th Cir. 2004)). "Prejudice [from delay] results when an amendment would unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading." *Id.* (citations omitted). However, at the time it was filed, plaintiff's motion to amend would not have diminished defendants' ability to respond because the discovery deadline had been vacated at defendants' request, to be reopened if the Court denied defendants' motion to dismiss the first amended complaint so that defendants could seek additional discovery related to new facts raised in the first amended complaint. *See* Docs. 63, 64. Therefore, defendants were aware that, if the Court denied defendants' motion to dismiss (which it did), there would be a need for additional discovery, regardless of whether the operative complaint was the first amended complaint or the proposed second amended complaint. Although there was some delay in filing the proposed second amended complaint, that delay did not prejudice defendants. Accordingly, the Court will grant leave to amend and allow the second amended complaint to be filed. *See Eminence Cap., LLC*, 316 F.3d at 1055–52.

In the interest of justice, the Court reconsiders its prior order to the extent it adopted the recommendation to deny plaintiff's July 5, 2023 motion for leave to file the second amended complaint. *See* Docs. 68, 70, 71. The Court orders plaintiff's second amended complaint, Doc. 67, filed. The only remaining claims in the second amended complaint that may be pursued, following this Order, are plaintiff's claims for retaliation as to defendants Eslick, Flores, and Satterfield.

The matter is referred back to the assigned magistrate judge to modify the scheduling order as appropriate, to reopen discovery as to the additional allegations made in the second amended complaint as to the retaliation claims against defendants Flores and Satterfield, and to extend the dispositive motion filing deadline to allow defendants Flores and Satterfield to again move for summary judgment on plaintiff's First Amendment claims against them, if they choose to do so.

**III.     Conclusion and Order**

Accordingly:

1. The Court ADOPTS IN PART the findings and recommendations issued on April 25, 2025, Doc. 114.
2. Defendants' motion for summary judgment is GRANTED as to plaintiff's Eighth Amendment deliberate indifference claim, and DENIED as to plaintiff's First Amendment retaliation claim against defendant Eslick.
3. Defendants' motion for summary judgment is denied without prejudice as to plaintiff's First Amendment retaliation claims against defendants Flores and Satterfield. Defendants may refile a motion for summary judgment, following further discovery, as to plaintiff's First Amendment retaliation claims.
4. The Court reconsiders its prior order, *see* Docs. 70, 71, and GRANTS plaintiff's motion for leave to amend, Doc. 68. The lodged second amended complaint, Doc. 67, is deemed the operative complaint in this action. The claims that remain following this Order are plaintiff's first amendment retaliation claims against defendants Eslick, Flores, and Satterfield. The Clerk's Office shall file Doc. 67 as the second amended complaint.
5. The matter is referred back to the assigned magistrate judge for further proceedings consistent with this Order.

IT IS SO ORDERED.

Dated:    September 15, 2025

_____
UNITED STATES DISTRICT JUDGE