UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO NUNO,<br><br>                    Plaintiff,<br><br>          v.<br><br>D. ESLICK, et al.<br><br>                    Defendants. | No.  1:21-cv-00769-KES-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 121) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed December 11, 2025.

**I.**

**BACKGROUND**

This action is proceeding on Plaintiff's retaliation claims against Defendants Eslick, Satterfield, and Flores.

On September 16, 2025, the Court issued an amended scheduling order setting forth new discovery and dispositive motion deadlines.  (ECF No. 120.)

On December 11, 2025, Plaintiff filed a motion to compel discovery.  (ECF No. 121.) Defendants filed an opposition December 18, 2025.  (ECF No. 122.)

///

1

**II.**

**LEGAL STANDARD**

Defendant is entitled to conduct discovery, which includes the deposition of Plaintiff, to obtain all information pertaining to the factual allegations, and legal claims and defenses at issue in this action.  Fed. R. Civ. P. 26(b)(1) & 30.  Federal Rules of Civil Procedure 30(a)(2)(B) and (b)(1) allow a party to depose a prisoner by oral examination if the party obtains leave of court and gives other parties "reasonable written notice" of the time and place of the deposition and, if known, the deponent's name and address.  "An objection at the time of the examination – whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition – must be noted on the record, but the examination still proceeds." Fed. R. Civ. P. 30(c)(2).  Objections must be stated *concisely* in a non-argumentative and non-suggestive manner. Id.  The only authorized exceptions for a deponent to not answer a question are "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3) [motion to terminate or limit deposition]."

What is privileged is defined by the Federal Rules of Evidence; these rules include the privilege against self-incrimination. Campbell v. Gerrans, 592 F.2d 1054, 1057 (9th Cir. 1979). "The principle of Fifth Amendment protection has been construed to permit the privilege to be asserted 'in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory.' " Id. (quoting Kastigar v. United States, 406 U.S. 441, 444 (1972)). The Fifth Amendment privilege against self-incrimination applies to evidence that may directly support a criminal conviction, information that would furnish a link in the chain of evidence that could lead to prosecution, and evidence that a witness reasonably believes could be used against him in a criminal prosecution. Maness v. Meyers, 419 U.S. 449, 461 (1972).

A failure to participate in discovery is in violation of Fed. R. Civ. P. 30 and 37.  Under Rule 30(d)(2), the court may impose sanctions for impeding, delaying, or frustrating the fair examination of the deponent.  Under Federal Rule of Civil Procedure 37, when an adverse party fails to cooperate in discovery, the party seeking discovery may move to compel disclosure or

discovery. Fed. R. Civ. P. 37(a)(1).  In particular, this type of motion may be made if a deponent fails to answer a deposition question: "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3)(B)(i) & 37(a)(4).  If the motion is granted and the deponent thereafter fails to comply with the court's order to answer a deposition question, the failure may be treated as contempt of court and the court may issue a variety of sanctions, including dismissal of the action. See Fed. R. Civ. P. 37(b).

### III.

### DISCUSSION

**A.**     **Plaintiff's Motion to Compel**

Plaintiff seeks to compel further responses to requests for production numbers 1 through 4, and request for admissions numbers 1 and 2.[1]

Defendants oppose Plaintiff's motion and argue that the requests for production of documents "are grossly overbroad, unduly burdensome, and not reasonably proportional to the needs of the case."  (ECF No. 122 at 4.)  Defendants also argue that the request for admissions "seek irrelevant information not proportional to the needs of the case."  (Id. at 9.)

1.     Request for Production of Documents No. 1

Plaintiff seeks documents for the "logs of each Defendant's work assignments on dates 10/17/19, 10/29/19, 12/17/19, 12/19/19, 2/10/20, 5/28/21, 1/25/21, 5/13/20, 5/18/20, 1/7/21." (ECF No. 121 at 6, 14.)  Plaintiff seeks the work logs for Officers Satterfield and Flores for ten specific dates spanning October 2019 to May 2021.

Defendants argue that "[t]his request is improper because it demands irrelevant information for dates not pertinent to the operative complaint, and the burden of production outweighs any potential relevance. Discovery must be "relevant to any party's claim or defense" as articulated in the operative complaint.

The allegations in the operative second amended complaint relate to three incidents involving Defendant Satterfield (October 17, 2019; December 17, 2019; February 10, 2020;

---

[1] The Court notes that Plaintiff's motion to compel does not involve discovery directed to Defendant Eslick.

February 16, 2020; and March 22, 2020)[2] and an incident involving Defendant Flores on December 17, 2019.  (ECF No. 119.)

Plaintiff's request for production of documents no. 1 seeks documents for the six additional dates: October 29, 2019, December 19, 2019, May 13, 2020, May 18, 2020, January 7, 2021, January 25, 2021, and May 28, 2021.  (ECF No. 121 at 6.)  Plaintiff has failed to demonstrate how the officers' personnel records for work assignments on the above six additional dates are relevant to his retaliation claims.  Indeed, the six additional dates are not mentioned in the operative second amended complaint and do not appear to relate to whether Defendants acted in retaliation on the specified dates in the operative complaint.  Consequently, documents related to dates that are not relevant to the claims at issue are not discoverable.

In addition, notwithstanding their objections, on the three relevant dates of the requests (10/17/19, 12/17/19, and 2/10/20), Defendants submit that Plaintiff's request for the work logs is mooted by the evidence previously produced.  More specifically, Defendants submitted a Rules Violation Report drafted by Satterfield on February 10, 2020, which confirms his presence at the facility on that date.  (See ECF No. 106 at 52.)  Defendants also submitted the declaration of the custodian of records at Sierra Conservation Center (SCC) which confirmed that Satterfield and Flores had a regular day off and were not working on October 17, 2019.  (ECF No. 122-2, at 2.)  It was also confirmed that on December 17, 2019, Flores worked as a Facility C, Floor 1 officer on third watch and Satterfield worked as a Facility C, Patrol 3 officer on third watch.  (Id.)

**Ruling:** Plaintiff's motion to compel further responses is denied.

2.    Request for Production of Documents No. 2

Plaintiff seeks "Grievances/602s against each Defendant."  (ECF No. 121 at 7, 15.)

Defendants objected to this request on the grounds that it is vague, grossly overbroad in time and scope and would violate the privacy rights of third parties.  Defendants also objected to this request to the extent it sought information not relevant to any claim or defense and not reasonably proportional to the needs of the case. (ECF No. 121 at 7-8, 15-16.)

///

---

[2] The February 16, 2020 and March 2020, dates are not specified in Plaintiff's request for production no. 1.

Plaintiff argues that prior grievances and/or lawsuits are relevant to show the "character of defendants potentially patterns." (ECF No. 121 at 2.)

**Ruling:** Plaintiff's motion to compel is granted. Defendants' objections that Plaintiff is seeking records as impermissible character evidence are overruled. See Villery v. Crounse, No. 1:18-cv-1623 NONE SKO P, 2021 WL 5040379, at *4 (E.D. Cal. Oct. 29, 2021) (granting motion to compel inmate appeals classified as staff complaints filed by inmates other than plaintiff). "Information within th[e] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Additionally, while character evidence may not be admissible at trial, admissibility is not the test for discovery because that evidence may be admissible for other purposes. Taylor v. O'Hanneson, No. 1:11-cv-00538 LJO SAB PC, 2014 WL 2696585, at *5 (E.D. Cal. June 13, 2014). "Courts generally order production of complaints that involve allegations of similar incidents or allegations of dishonesty." Whitely v. CDCR, No. 2:18-cv-01103 RGK AGR, 2021 WL 840067, at *2 (C.D. Cal. Jan. 29, 2021). Plaintiff's request for inmate grievances and appeals is appropriate as they relate to other incidents of retaliation.

Defendants' "privacy concerns do not make the entire document privileged and beyond the scope of discovery" because such "concerns can be addressed with a protective order and/or the redaction of identifying information." See Ramirez v. Gutierrez, Case No.:20-cv-1109-MMA(BLM), 2021 WL 4776332, at *6 (S.D. Cal. Oct. 12, 2021); see also Eusse v. Vitela, Case No.: 3:13-cv-00916-BEN-NLS, 2015 WL 9008634, at *5 (S.D. Cal. Dec. 14, 2015) ("[T]he names and identifying information of the individuals who made the complaints, as well as other officers who were not involved in the incident, may be redacted."); Thompson v. Morales, No. 1:04-cv-06554-SMS PC, 2008 WL 413757, at *1 (E.D. Cal. Feb. 13, 2008) ("Privacy concerns, if any, may be addressed by redaction of names, CDC numbers, and other identifying information ...."). Therefore, if the requested production in this case will require disclosure of confidential information, Defendants may redact such information.

     3.     Request for Production of Documents No. 3

Plaintiff seeks "Facility C Logs of violent occurrences in 2019 and 2020." (ECF No. 121 at 8, 16.) Defendants objected to this request because it was vague and ambiguous and unclear

5

what documents Plaintiff was seeking, the production of which would in any event be deemed confidential under the official-information privilege. (ECF No. 121 at 8, 16.) Defendants also objected to this request to the extent it sought documents that were not relevant to any of Plaintiff's claims against Defendants for First Amendment retaliation claim and thus, not reasonably proportional to the needs of the case. (Id.)

In his motion, Plaintiff claims because Defendants alleged in their summary judgment motion that Special Needs Yards are safer, the logs would show "[un]professionalism and/or neglect in these yards." (ECF No. 121 at 2.)

**Ruling:** Plaintiff's motion to compel is denied. Plaintiff has failed to demonstrate how the logs are relevant to his First Amendment retaliation claims. To proceed on a retaliation claim Plaintiff must demonstrate that his protected conduct was the "substantial" and "motivating" factor behind Defendants' actions. Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). Documentation of violent occurrences involving other inmates, is not on its face, relevant to provide retaliatory intent on the part of Defendants Satterfield and Flores toward Plaintiff. In addition, Defendants submit that there are no "logs" per se of "violent occurrences" at the institution. (Toubeaux Decl. ¶ 9.)

4.      Request for Production of Documents No. 4

Plaintiff seeks "inmate photos (only) of those assigned to yard crew c in 2019 and 2020." (ECF No. 121 at 8, 16.) Plaintiff seeks two years of yard crew photos to allegedly identify witnesses. Defendants objected to this request on the grounds that it violates the privacy rights of third parties, seeks documents that violate the official-information privilege, the disclosure of which would threaten the institution, and that such a request was not relevant to Plaintiff's First Amendment retaliation claims against Defendants and not reasonably proportional to the needs of the case. (Id. at 8-9, 16-17.)

Plaintiff now seeks to compel a further response to this request arguing this request is needed to inform the Court "how this case began." (ECF No. 121 at 2.) Plaintiff further contends that "even a portion of these photos would add clarity as to why there was a complaint to begin with..." and to "reserve privacy, names, facial details can be blacked out…" (Id. at 4.)

6

**Ruling:** Plaintiff's motion to compel is denied.  Plaintiff has offered no rationale for why photographs for a period of two years would be relevant to his First Amendment retaliation claims against Satterfield and Flores.  In addition, directing the institution to search, compile, and redact photographs of an unknown amount of inmates—who are not related to the case---would violate the third-party privacy rights of those inmates,[3] and such evidence is not relevant to Plaintiff's retaliations claims or reasonably proportional to the  needs of the case.  (Toubeaux Decl. ¶ 10.)

5.      Request for Admissions Nos. 1 and 2

In request for admission nos. 1 and 2 ask Defendants to admit that phone records would show Defendants have had contact outside of work (request for admission no. 1) and that Defendants have contacted each other outside of work (request for admission no. 2). (ECF No. 121 at 11-12, 19-20.)  Defendants objected to these requests on the grounds that each request was vague and ambiguous in time and scope, overbroad, and sought irrelevant information not proportional to the needs of the case. (Id.)

Plaintiff submits that these requests would explain why Satterfield would "go out of his scope to violate, intimidate, threaten …Plaintiff," further claiming, "even a portion of phone records would be of significant value…" (ECF No. 121 at 3.)

**Ruling:** Plaintiff's motion to compel is denied.  Given that Plaintiff is proceeding on claims of retaliation, an admission that Defendants had contact outside of work, does not support that they acted together to violate Plaintiff's First Amendment rights by taking adverse action (e.g., fabricating reports, destroying property).  Thus, notwithstanding Defendants' overbreadth objection, an admission that Defendants had contact outside of work does not, on its own, prove or disprove the alleged retaliatory acts or collusion related to Plaintiff.  Indeed, even if the phone records establish that a call was made it would not show what was said during that call.

---

[3] The right of privacy is not, however, "an absolute bar to discovery and courts must balance the need for the information against the claimed privacy right." Harris v. Kyle, No. 1:19-cv-0462-DAD-EPG-PC, 2021 WL 195477, at *2 (E.D. Cal. Jan. 20, 2021) (citing Allen v. Woodford, No. CV-F-05-1104-OWW-LJO, 2007 WL 309485, at *5 (E.D. Cal. Jan. 30, 2007)); see also Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) ("Resolution of the privacy objection requires a balancing of the need for the information sought against the privacy right asserted."). Here, given the minimal potential relevance of the photographs, the Court finds that the need for the requested information does not outweigh the right of third-party inmates to privacy.

Consequently, the phone records do not bear on the material issues of this case.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's motion to compel, (ECF No. 121) is granted with respect to request for production no. 2, and Defendants shall produce responsive documents, subject to any redaction as may be necessary to protect the privacy interests of inmates and other third-parties, within thirty days from the date of service of this order; and

2.  Plaintiff's motion to compel is denied in all other respects.

IT IS SO ORDERED.

Dated:   **January 12, 2026**

STANLEY A. BOONE
United States Magistrate Judge

8