UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO NUNO,<br><br>         Plaintiff,<br><br>   v.<br><br>D. ESLICK, et al.<br><br>         Defendants. | No.  1:21-cv-00769-KES-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S FOURTH MOTION FOR APPOINTMENT OF COUNSEL, GRANTING EXTENSION OF TIME TO FILE AN OPPOSITION, AND DIRECTING CLERK OF COURT TO SEND PLAINTIFF A COURTESY COPY OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 131) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

On January 14, 2026, Defendants filed a motion for summary judgment.[1]  On April 3, 2026, Defendants filed a notice of non-opposition by Plaintiff.  (ECF No. 128.)

On May 1, 2026, the Court issued Findings and Recommendations recommending Defendants' motion for summary judgment be granted.  (ECF No. 129.)

On May 15, 2026, Plaintiff filed a motion for appointment of counsel and request for a six-month extension of time to file a belated opposition to Defendants' motion for summary judgment.  (ECF No. 131.)  For the following reasons, Plaintiff's motion for appointment of

---

[1] Plaintiff filed a notice of change of address two months after on March 13, 2026.  (ECF No. 126.)

1

counsel shall be denied and his request for an extension of time shall be granted.

## I.

## DISCUSSION

### A.    Motion for Appointment of Counsel

As Plaintiff is aware, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on Plaintiff. Id.

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Plaintiff seeks appointment of counsel because he has been without his legal property. (ECF No. 131.) In the alternative, Plaintiff seeks an extension of time to file an opposition to Defendants' motion for summary judgment. As an initial matter, circumstances common to most prisoners, such as lack of legal education, limited law library access, and lack of funds to hire counsel, do not alone establish the exceptional circumstances that would warrant appointment of counsel. Further, based on a review of the record, it appears that Plaintiff is able to adequately litigate this action by himself or with the assistance of other inmates. In addition, as explained below, the Court is granting Plaintiff additional time to file an opposition. Accordingly, Plaintiff's fourth request for the appointment of counsel is denied.

**B.    Request for Extension**

Plaintiff seeks a six-month extension of time to file an opposition to Defendants' motion for summary judgment because he has been without his legal property due to restricted housing and transfers upon different prisons.

Having considered the request, the Court finds good cause to grant, in part, the requested extension of time. Fed. R. Civ. P. 6(b). However, the Court finds that an extension of sixty days, rather than six months, is reasonable under the circumstances.  Additionally, in the interest of judicial efficiency, the Court will also make a one-time exception and send Plaintiff a courtesy copy of Defendants' motion for summary judgment.

## II.

## ORDER

1.    Plaintiff's fourth motion for appointment of counsel is denied;

2.    Plaintiff's request for an extension of time to file an opposition is granted in part;

3.    Plaintiff is granted **sixty (60)** days from the date of service of this order to file an opposition.  Defendants may file a reply within **fourteen (14)** days of the filing of an opposition;

4.    The Clerk of Court shall send Plaintiff a courtesy copy of Defendants' motion for summary judgment, filed January 14, 2026, (ECF No. 124); and

5.    If Plaintiff does not file an opposition, the pending Findings and Recommendations will be submitted to the District Judge for review.

IT IS SO ORDERED.

Dated:    **May 15, 2026**                                    _____

STANLEY A. BOONE
United States Magistrate Judge

3